UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ANGELA MICHELLE PALACIO, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 1:04-cv-349 |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) Judge Mattice ) ) |
| *Defendant.* | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant BlueCross BlueShield of Tennessee, Inc.'s Motion to Dismiss for Failure to Prosecute or, In the Alternative, for Failure to Comply with Discovery Order. Defendant seeks dismissal of Plaintiff's action pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

On March 24, 2006, Magistrate Judge Carter entered an order [Court Doc. No. 23] requiring Plaintiff to file by March 31, 2006, full and complete responses to Defendant's First Set of Interrogatories and Requests for Production of Documents. Magistrate Judge Carter's order notified Plaintiff of the possible sanction of dismissal for failure to comply with the order. Plaintiff has yet to file the required responses.

On May 1, 2006, the Court ordered Plaintiff to show good cause why her complaint should not be dismissed for failure to prosecute or failure to comply with Magistrate Judge Carter's order entered on March 24, 2006. [Court Doc. No. 26.] Plaintiff has not timely filed a response to the show cause order.

Federal Rule of Civil Procedure 37(b)(2)(C) provides that a court may dismiss an action where "a party fails to obey an order to provide or permit discovery . . . ." Fed. R.

Civ. P. 37. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." The Sixth Circuit considers four factors when reviewing a district court's dismissal under either Rule 37(b) or Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* Accordingly, the Court will consider these four factors in making its determination whether to dismiss Plaintiff's complaint.

With respect to the first factor, the party seeking to avoid sanctions has the burden of showing that the failure to comply was due to inability rather than willfulness or bad faith. *Id.* In the case at bar, Plaintiff has made no such showing regarding her failure to comply with Magistrate Judge Carter's order. Accordingly, the Court concludes that Plaintiff's failure to comply was due to willfulness or bad faith.

With respect to the second factor, an adversary is prejudiced when the dismissed party's failure to comply prevents such adversary from complying with a discovery order, scheduling depositions, or conducting further discovery. *Bryant v. U.S. ex rel. U.S. Postal Serv.*, 166 Fed. App'x 207, 211, 2006 WL 305661, at *3 (6th Cir. Feb. 9, 2006); *Reyes*, 307 F.3d at 458. In the case at bar, Plaintiff's failure to comply prevented Defendant from complying with the Court's March 8, 2006, discovery deadline, as well as the May 8, 2006,

-2-

dispositive motion deadline (which the Court agreed to suspend in light of the instant motion). Defendant has been prejudiced by Plaintiff's failure to comply.

With respect to the third factor, Magistrate Judge Carter warned Plaintiff in his March 24, 2006, order that her failure to comply with the order might "result in sanctions including the sanction of dismissal." [Court Doc. No. 23.] Thus, Plaintiff was adequately warned that her failure to cooperate could result in the dismissal of her case.

With respect to the fourth factor, Plaintiff has chosen not to prosecute her complaint and to absent herself from these proceedings. After her attendance at the scheduling conference on September 9, 2005, the record does not indicate any further action taken by Plaintiff: she did not respond to Defendant's motion to amend the scheduling order; she did not respond to, or attend the hearing regarding, Defendant's motion to compel, nor did she comply with the order granting such motion; she did not respond to Defendant's motion to dismiss for failure to prosecute; and she did not respond to the Court's show cause order. The Court finds that dismissal is the only proper and effective sanction.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute or, In the Alternative, for Failure to Comply with Discovery Order [Court Doc. No. 24], and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). Defendant is entitled to recover from Plaintiff its costs of this action.

The Clerk shall close the file in this case.

SO ORDERED this 19th day of May, 2006.

                                                    *s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE

-4-

Case 1:04-cv-00349   Document 29   Filed 05/19/06   Page 4 of 4   PageID #: 4